UNITED STATES DISTRICT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

                                    Case No: 08-14700
                                    Honorable Denise Page Hood

**v.**

**SHAWN ROBIN GIBSON,**

    **Defendant.**

_____/

## MEMORANDUM OPINION & ORDER

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff, United States of America's Motion for Summary Judgment, filed on March 11, 2009. On April 3, 2009, Defendant, Shawn Robin Gibson, filed a Request for Extension of Time to Respond to the Government's Motion for Summary Judgment. Mr. Gibson sought an unspecified period of time to respond to the Plaintiff's Motion for Summary Judgment. He argued that he needed more time so that he could obtain counsel. On January 12, 2010, this Court granted in part and denied in part Mr. Gibson's request for extension of time to respond to the Government's motion, giving him until February 19, 2010 to file his response. On February 22, 2010, Mr. Gibson filed his Response.

**II.    STATEMENT OF FACTS**

Plaintiff contends that Mr. Gibson has interfered with the enforcement of the internal revenue laws by engaging in conduct that violates 26 U.S.C. §§ 6694 and 6701. Mr. Gibson was an income

1

tax preparer who operated a business that provided tax return-preparation services under the names New Detroit Tax Service and Shawn Gibson & Company. In June of 2006, Mr. Gibson was indicted on one count of witness tampering pursuant to 18 U.S.C. § 1512(b)(2). *See United States v. Shawn Robin Gibson*, case number 06-20351. The indictment was superseded twice and on November 17, 2006, Mr. Gibson pled guilty to Count 48 of the Third Superseding Indictment which charged Mr. Gibson, pursuant to 18 U.S.C. § 371, with conspiracy to commit offense to defraud the United States. In his guilty plea, Mr. Gibson admitted to the following:

> From on or about October 2004, Defendant did knowingly, unlawfully, and willingly conspire, combine, confederate and agree with other individuals to defraud the United States by preparing and assisting in the preparation of false and fraudulent income tax returns in order to obtain income tax refunds that were not due, and/or to obtain income tax refunds that were in amounts greater than the amount due.
>
> Defendant conspired, combined, confederated and agreed with other individuals to carry out such act to defraud the Government, to wit, the Internal Revenue Service, by falsely claiming deductions and losses for items on said tax returns; filing false powers of attorney on behalf of clients in order to submit, file and modify said tax returns; opening up bank accounts and having said income tax [refunds] direct deposited into Defendant's and other individuals' bank accounts (including Defendant's Comerica bank account, account number [ending in 4167]) and/or having said income tax [refunds] sent directly to Defendant's place of business without the victim/client's knowledge or consent.
>
> Defendant conspired, combined confederated and agreed with other individuals to thereafter negotiate said income tax [refunds] and issue cashier's checks, business checks, and/or cash to the victims/clients in amounts substantially smaller than amounts claimed on the falsely and fraudulently prepared income tax returns, keeping the fraudulent windfall for themselves, all in violation of 18 U.S.C. §371.

*See* Dkt. No. 56 at 2-3. Mr. Gibson was sentenced to 34 months imprisonment, with a two-year term of supervised release, with other special conditions, including that Mr. Gibson refrain from the preparation of any tax returns during his period of supervised release. *See* Dkt. No. 105, Case No. 06-20351.

On July 21, 2008, Mr. Gibson was charged via information with three counts of aiding or assisting in the preparation and presentation of false and fraudulent tax returns pursuant to 26 U.S.C. § 7206(2). *See United States v. Shawn Gibson*, case number 08-20390. The information alleged that Mr. Gibson filed three tax returns for two taxpayers during the period February 13, 2006, through March 7, 2007. Two of these returns were filed after Mr. Gibson had pled guilty in case number 06-20351. Mr. Gibson entered into a plea agreement on July 21, 2008, where he admitted to the following:

> On or about February 13, 2006, Defendant did knowingly and wilfully prepare false income tax returns for Roosevelt Frierson. Defendant prepared such returns knowing that they were false as to a material matter in that the income tax returns contained false Schedule C losses, false itemized deductions, and false Schedule A deductions.

*See* Dkt. No. 7 at 2. Mr. Gibson was convicted on Count II of the Information, aiding and assisting in the preparation and presentation of a false and fraudulent tax return in violation of 26 U.S.C. § 7206(2). Mr. Gibson also admitted that he prepared false income tax returns as to material matters on January 19, 2007 and March 7, 2007, for Roosevelt Frierson and Traci Armstrong, respectively. *Id*. at 4. The Court entered an Amended Judgment on January 27, 2010, sentencing Mr. Gibson to serve nine months of his thirty month sentence concurrent with the sentence imposed in case number 06-20351. *See* Dkt. No. 26 at 3, Case No. 08-20390. "The remaining twenty one months of imprisonment are to run concurrent with the sentence imposed in case number 06-20351." *Id.*

## III. APPLICABLE LAW & ANALYSIS

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment may only be granted in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file,

3

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing no dispute as to any material issue. *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974). A dispute must be evident from the evidence in order to deny such a motion. Such a dispute must not merely rest upon the allegations or denials in the pleadings, but instead must be established by affidavits or other documentary evidence. Fed.R.Civ.P. 56(e). When ruling, the Court must consider the admissible evidence in the light most favorable to the non-moving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

### B. The United States' Motion for Summary Judgment

Plaintiff seeks an injunction pursuant to 26 U.S.C. § 7407, which states:

(b) Adjudication and decrees. . . if the court finds–

 (1) that a tax return preparer has –
 (A) engaged in any conduct subject to penalty under section 6694 or 6695, or subject to any criminal penalty provided by this title,
 (B) misrepresented his eligibility to practice before the Internal Revenue Service, or otherwise misrepresented his experience or education as a tax return preparer,
 (C) guaranteed the payment of any tax refund or the allowance of any tax credit, or
 (D) engaged in any other fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws and

 (2) that injunctive relief is appropriate to prevent the recurrence of such conduct, the court may enjoin such person from further engaging in such conduct. If the court finds that a tax return preparer has continually or repeatedly engaged in conduct described in subparagraphs (A) through (D) of this subsection and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, the court may enjoin such person from acting as a tax return preparer.

26 U.S.C. §7407(b). "The traditional requirements for equitable relief need not be satisfied for the

issuance of an injunction pursuant to §7407, because §7407 expressly authorizes the issuance of an injunction." *United States v. Gray*, No. 1:07-cv-42, 2007 WL 851873, *2 (W.D. Mich. March 19, 2007) (citing *United States v. Gleason*, 432 F. 3d 678, 682 (6th Cir. 2005)).

Section 6694 penalizes tax preparers in two ways: (1) a preparer is subject to penalty for negligently understating a customer's tax liability due to unrealistic positions; and (2) a preparer is subject to a penalty for any willful attempt to understate the tax liability of a customer or any reckless disregard of rules or regulations. Mr. Gibson is subject to penalty for both reasons. Mr. Gibson is subject to penalty under § 6694(a) because he has prepared false Schedule C losses, false itemized deductions, and false Schedule A deductions. These understatements of his customers' liabilities had no realistic possibility of being sustained on the merits. Additionally, Mr. Gibson is subject to penalty under §6694(b) because the understatements on his customers' tax returns were willful attempts to understate the customers' returns and a reckless or intentional disregard of the rules and regulations. *See* 26 U.S.C. §6694(b)(1)-(2).

The Court finds that injunctive relief is appropriate to prevent the recurrence of Mr. Gibson's conduct. Mr. Gibson has persisted in his conduct, being convicted twice for violation of the federal income tax laws. The latter conviction is based upon conduct undertaken after his conviction in case number 06-20351. This Court must now determine whether a narrow or broad injunction is warranted. The Court concludes that a wide ranging injunction is appropriate here, as Mr. Gibson has "repeatedly" engaged in conduct proscribed by § 7407(b)(1)(A). Mr. Gibson is therefore barred from acting as a tax return preparer.

Mr. Gibson has admitted that the tax returns he prepared for his customers contained falsely claimed Schedule C losses, itemized deductions, and Schedule A deductions. He has admitted to

5

preparing false powers of attorney to amend and file his customers' returns in order to perpetuate his scheme to defraud the IRS and obtain portions of the customers' refunds.

The Government also moves for an injunction pursuant to 26 U.S.C. § 7408, which authorizes a court to enjoin persons who have engaged in conduct subject to penalty under 26 U.S.C. § 6701. *See* 26 U.S.C. § 7408(b)-(c). Section 6701 penalizes any person (1) who aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion or a return, affidavit, claim or other document; (2) who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws; and (3) who knows that such portion (if so used) would result in an understatement of the liability for tax of another person. *See* 26 U.S.C. § 6701(a)(1)-(3). Mr. Gibson is subject to penalty under § 6701 because he prepared tax returns that he knew would be used in connection with a material matter arising under the internal revenue laws, he knew that the tax returns he prepared would result in understatements of other persons' tax liabilities. Mr. Gibson's conduct warrants injunctive relief pursuant to 26 U.S.C. § 7408.

Mr. Gibson is also subject to an injunction pursuant to 26 U.S.C. § 7402. Section 7402 states:

> § 7402. Jurisdiction of the district courts.
>
> (a) To issue orders, processes, and judgments. The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction . . . .and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws.

26 U.S.C. § 7402(a). "Section 7402 demonstrates a congressional intention to provide the district courts with a full arsenal of powers to compel compliance with the internal revenue laws." *Brody*

*v. United States*, 243 F. 2d 378, 385 (1st Cir. 1957). Section 7402 has been employed even when interference with the internal revenue laws does not violate any particular statute. *See United States v. Ekblad*, 732 F. 2d 562 (7th Cir. 1984); *United States v. Hart*, 701 F. 2d 749 (8th Cir. 1983).

As previously noted, Mr. Gibson has repeatedly interfered with the administration of the internal revenue laws. He has understated his customers' tax liabilities, falsified powers of attorney to perpetuate his scheme to defraud the IRS and obtain portions of his customers' tax refunds. In determining that an injunction is appropriate under § 7408, this Court should consider the likelihood that Mr. Gibson will engage in future violations of the internal revenue laws, by evaluating the following factors: (1) the gravity of the harm caused by Mr. Gibson; (2) the extent of Mr. Gibson's participation; (3) Mr. Gibson's degree of scienter; (4) the isolated or recurrent nature of the infraction; (5) Mr. Gibson's recognition (or non-recognition) of his own culpability; and (6) the likelihood that defendant's occupation would place him in a position where future violations could be anticipated. *See United States v. Estate Preservation Servs.*, 202 F. 3d 1093, 1106 (9th Cir. 2000).

Mr. Gibson has caused substantial harm, not only to the IRS but to his customers because they are responsible for paying all taxes, interest and penalties associated with their false tax returns prepared by Mr. Gibson. The IRS has spent considerable time investigating Mr. Gibson's actions, and the United States Attorneys Office has had to prosecute Mr. Gibson on two occasions.

Mr. Gibson is likely to continue to prepare fraudulent returns. In his sentencing memorandum filed in connection with the second criminal matter, case number 08-20390, he indicated that this civil suit was a deterrent to him again committing tax fraud in preparation of tax returns. *See* Dkt. No. 11 at 5, Case No. 08-20390. Mr. Gibson, after being sentenced to refrain from

preparing any tax returns, was found teaching other inmates how to prepare income tax returns. *Id.*, Dkt. No. 11-5 at 1. He was expelled from a residential drug treatment program in June of 2008 when he was found to be in possession of income tax books. *Id.* at 7. Mr. Gibson has characterized this conduct as "somewhat criminal." *See* Dkt. No. 8. While Mr. Gibson advised this Court that "he is through with tax preparation work[,]" in his sentencing memorandum, Mr. Gibson informed the Plaintiff in a March 3, 2009 letter, that he "still reserve[s] the right if [he] chooses to be a professional tax person. Legal of course." *See* Ex. 1 at 2. In this same letter Mr. Gibson also indicated that "you know as well as I do, that even if a judgement [sic] was unfairly handed down to enjoin me, that once I'm released, I could actually do taxes if I was bent on doing them, despite any ruling." *Id.* at 4.

Accordingly, Mr. Gibson has demonstrated that there is a likelihood that he will commit future violations of the internal revenue laws and that a permanent injunction barring him from preparing or assisting in the preparation of federal tax returns for anyone but himself, advising anyone about such preparation, owning or managing any tax preparation business, representing customers before the IRS or engaging in any other similar conduct is warranted. Mr. Gibson's Response to Plaintiff's Motion for Summary Judgment is silent as to any genuine issue of material fact precluding the entry of a permanent injunction.[1]

## IV. CONCLUSION

---

[1] Defendant filed a Request for Extension of Time to Respond to Defendant's Motion for Summary Judgment. On January 12, 2010, the Court granted Defendant's request and allowed him to file his Response by February 19, 2010. On February 22, 2010, Plaintiff filed his Response indicating that he had retained counsel, that his counsel is looking into this matter"and is also expecting to be compensated correctly." *See* Resp. at 1. To date, no attorney has filed a Notice of Appearance in this case. Defendant's Response failed to address the substantive merits of Defendant's Motion for Summary Judgment.

IT IS ORDERED that the Government's Motion for Summary Judgment [**Docket No. 6, filed March 11, 2009**] is GRANTED.

IT IS FURTHER ORDERED that pursuant to 26 U.S.C. § 7408, a permanent injunction is entered prohibiting Mr. Gibson, individually and doing business as New Detroit Tax Service, Shawn Gibson & Company, or under any other name or using any other entity, his representatives or agents, and prohibiting him from directing any third parties from directly or indirectly:

1. Engaging in activity subject to penalty under 26 U.S.C. § 6701, including aiding or assisting in, procuring, or advising with respect to, the preparation or presentation of any portion of a return, affidavit, claim or other document; knowing (or having reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws; and knowing that such portion (if so used) would result in an understatement of the liability for tax of another person; and

2. Engaging in any other activity subject to penalty under 26 U.S.C. § 6701 or any other provisions of the Internal Revenue Code.

IT IS FURTHER ORDERED that pursuant 26 U.S.C. § 7407, a permanent injunction is entered prohibiting Mr. Gibson, individually and doing business as New Detroit Tax Service, Shawn Gibson & Company, or under any other name or using any other entity, and his representatives or agents, and prohibiting him from directing any third parties from directly or indirectly acting as a federal income tax return preparer.

IT IS FURTHER ORDERED that pursuant 26 U.S.C. § 7402(a), a permanent injunction is entered prohibiting Mr. Gibson, individually and doing business as New Detroit Tax Service, Shawn Gibson & Company, or under any other name or using any other entity, and his representatives or

agents, and prohibiting him from directing any third parties from directly or indirectly:

1. Preparing or assisting in the preparation of any federal tax return for anyone other than himself;

2. Advising, counseling or instructing anyone about the preparation of a federal tax return;

3. Owning, managing, controlling, working for, or volunteering for a tax-return-preparation business;

4. Representing customers in connection with any before the IRS; and

5. Engaging in other similar conduct that substantially interferes with the adminstration and enforcement of the internal revenue laws.

IT IS FURTHER ORDERED that pursuant 26 U.S.C. § 7402(a), Mr. Gibson shall, at his own expense, contact by mail all customers for whom he prepared federal tax returns or assisted in preparing tax returns and send them a copy of this Order and to certify with this Court within thirty days from the date of his release from imprisonment that he has complied with this Order.

IT IS FURTHER ORDERED that pursuant 26 U.S.C. § 7402(a), Mr. Gibson shall provide the Plaintiff with a list of his customers or any other persons he has prepared or helped to prepare a federal income tax return for the years 1999 through 2007, with addresses, and telephone numbers included.

IT IS FURTHER ORDERED that the Plaintiff shall be permitted to conduct post-judgment discovery to ensure compliance with this Order.

IT IS FURTHER ORDERED this matter is dismissed.

S/Denise Page Hood
                                        Denise Page Hood
                                        United States District Judge

Dated: March 24, 2010

      I hereby certify that a copy of the foregoing document was served upon Shawn R. Gibson, Reg. No. 40647-039, Milan Federal Correctional Institution, P. O. Box 1000, Milan, Michigan 48160-0190 and counsel of record on March 24, 2010, by electronic and/or ordinary mail.

                                        S/William F. Lewis
                                        Case Manager